**HOFFMAN, Appellant,**

**v.**

**STATE BOARD OF EDUCATION, Appellee.**

[Cite as *Hoffman v. State Bd. of Edn.* (2001), 145 Ohio App.3d 392.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78703.

Decided Aug. 13, 2001.

*Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co., L.P.A.*, and *Paul S. Lefkowitz*, for appellant.

*Betty D. Montgomery*, Attorney General, and *James G. Tassie*, Assistant Attorney General, for appellee.

*Squire, Sanders & Dempsey, L.L.P.*, *David J. Millstone* and *Christina D. Henagen*, for *amicus curiae* Shaker Heights City School District Board of Education.

JAMES J. SWEENEY, Judge.

James Hoffman, a high school art teacher and department chair formerly employed by the Shaker Heights School Board, appeals from a judgment of the common pleas court affirming the decision of the State Board of Education to revoke his teaching certificate for at least two years arising from his arrest for public indecency. Hoffman urges on appeal that the court abused its discretion when it determined that the state board's decision was supported by reliable, probative, and substantial evidence. After careful consideration of the facts and the law, we affirm the judgment of the trial court.

The record reveals that on October 30, 1998, Brookpark Officer Timothy Robinson arrested Hoffman at the House of Books, an adult bookstore, for public indecency, a fourth degree misdemeanor. On November 18, 1998, Hoffman pled no content in the Brookpark Mayor's Court. The mayor found him guilty and ordered him to pay a $250 fine.

The record further reveals that this incident received significant media attention at the high school when a reporter attempted to interview Hoffman. Further, the record contains a letter from Superintendent Mark Freeman addressed to a parent, stating:

"Mr. Hoffman absolutely should not be soliciting letters of support from his students. A member of our administrative team spoke with him about it, and he

said it would not happen again. Children should not be put into such a position, particularly on such a highly charged issue."

Thereafter, the Shaker Heights Board of Education considered the matter and decided, due to Hoffman's spotless employment record, not to impose any disciplinary action. However, during the July 12–13, 1999 meeting, the state board passed a resolution stating its intent to limit Hoffman's teaching certificate. In response to that resolution, Hoffman requested a hearing. On January 19, 2000, hearing officer Kevin Byers heard evidence from four witnesses concerning Hoffman's exemplary teaching record. They testified that Hoffman's conviction did not diminish his effectiveness as a teacher or undermine his authority or reputation. After considering the evidence, Mr. Byers recommended a one-year suspension, concluding:

"James Hoffman's conduct in voluntarily engaging in sexual conduct on October 30, 1998, in a non-private setting constitutes conduct unbecoming the position of teacher.

"* * *

"There exists no language in the statute which implies or infers that a factual nexus between misconduct and a licensee's teaching duties must be enunciated by the Board before discipline may be rendered."

On April 11, 2000, the state board passed a resolution stating that Hoffman's conviction constituted conduct unbecoming the position of a teacher. Instead of suspending Hoffman's teaching certificate, it revoked his license for a minimum period of two years. Hoffman then appealed the decision to the court of common pleas, which affirmed the decision of the state board on September 26, 2000. Hoffman now appeals from that judgment and raises two assignment of error for our review. The first states:

"I. The order of the State Board of Education revoking Hoffman's teaching certificate is not supported by reliable, probative and substantial evidence and the common pleas court abused its discretion in affirming that order."

 Hoffman argues that the common pleas court abused its discretion when it affirmed the state board's resolution to revoke Hoffman's teaching certificate because that decision was not supported by reliable, probative, and substantial evidence. The state board maintains that the court did not abuse its discretion based on the evidence presented in this case.

We begin by noting that R.C. 119.12 provides for administrative appeals and states:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the

court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *"

Further, in *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 533 N.E.2d 264, the court stated:

"In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. * * * The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion ' " * * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." ' * * * Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. * * *"

R.C. 3319.31 states:

"(B) For any of the following reasons, the state board of education * * * may suspend, revoke, or limit a license that has been issued to any person:

"(1) Engaging in an immoral act, incompetence, negligence, or conduct that is unbecoming to the applicant's or person's position[.]"

In this case, the record is clear that Hoffman had an excellent professional reputation that spanned thirty years. However, he engaged in sexual conduct in a public place and was convicted of public indecency. While this incident did not occur on school grounds, during school hours, or involve students, it received media attention and impacted his professional life. Based on the record, we cannot conclude that the trial court abused its discretion when it affirmed the decision of the state board to revoke Hoffman's teaching certificate for unbecoming conduct. Accordingly, this assignment of error is overruled.

The second assignment of error states:

"II. The state board's revocation of Hoffman's teaching certificate is not in accordance with law."

■ Hoffman argues that the trial court abused its discretion with its affirmance because the state board failed to show a real nexus between his conduct and his ability to teach as enunciated in *Johnson v. State Bd. of Edn.* (May 14, 1990), Stark App. No. CA–8019, unreported, 1990 WL 62988. The state board contends that R.C. 3319.31 is unambiguous and imposes no such requirement. The issue here concerns whether the nexus requirement exists in this jurisdiction and whether the trial court abused its discretion in failing to utilize it.

We note that the court in *Johnson* determined that R.C. 3319.31 clearly indicates that the section requires a nexus between appellee's conduct and his ability to teach and administrate. Further, in *Sayers v. State Bd. of Edn.* (Dec. 1, 1994), Cuyahoga App. No. 66578, unreported, 1994 WL 676869, this court stated:

"In order to revoke a teaching certificate, the State Board of Education must show a nexus between the teacher's conduct (in this case, Importuning) and the teacher's duties. * * *"

In this case, we believe that the trial court reached the correct conclusion even though it failed to apply the nexus requirement to this case. However, based on the facts, Hoffman established the nexus between his conduct and his teaching duties when he solicited students to write letters on his behalf. Thus, we cannot conclude that the trial court abused its discretion. Accordingly, the decision of the trial court is affirmed, and this assignment of error is overruled.

*Judgment affirmed.*

TIMOTHY E. McMONAGLE, P.J., and FRANK D. CELEBREZZE, JR., J., concur.